UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TIMOTHY QUILLAN, #431827, | ) |
| Plaintiff, | ) Case No. 1:13-cv-160 |
| v. | ) Honorable Paul L. Maloney |
| MICHIGAN DEPARTMENT OF CORRECTIONS, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This is a civil action brought *pro se* by a state prisoner under Title II of the Americans with Disabilities Act (ADA). Plaintiff's complaint arises out of his confinement at the Carson City Correctional Facility (DRF). The defendants are the Michigan Department of Corrections (MDOC) and four of its employees at DRF: Warden Willie Smith, Deputy Warden Tim Kipp, Deputy Warden Lora Krick, and ADA Coordinator Jacque Koenigsknecht. Plaintiff alleges that he is hearing impaired and that defendants violated his rights under the ADA because the MDOC allows non-impaired inmates to make collect/prepaid and debit calls to land lines and calls to cell phones and hearing impaired inmates are only allowed to make collect calls to land lines, and the communications vendor charges higher rates for collect calls. (Complaint, docket # 1, ¶ V, ID#4). Plaintiff seeks an award of damages and injunctive relief. (*Id.* at ¶ VI, ID#s 5-6).

The matter is before the court on defendants' motion for summary judgment. (docket # 18). Plaintiff has filed his response. (docket # 20). For the reasons set forth herein, I recommend that all plaintiff's claims for injunctive relief against defendants Smith, Kipp, Krick, and

Koenigsknecht be dismissed as moot. I recommend that defendants' motion for summary judgment (docket # 18) be granted in part and denied in part. I recommend that the motion be granted as to all plaintiff's claims for damages against defendants Smith, Kipp, Krick, and Koenigsknecht and plaintiff's claim for punitive damages against the MDOC, and that judgment be entered in defendants' favor on those claims. I recommend that the portion of defendants' motion seeking summary judgment on plaintiff's claim for injunctive relief against the MDOC be denied.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating"

the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. He is serving a 12-to-70 year sentence for first-degree criminal sexual conduct and assault. During his deposition on September 27, 2013, he testified that his earliest possible release date was January 2014.[1]

---

[1] Plaintiff states in his brief that his earliest release date was actually June 26, 2014, not January 2014. (Plaintiff's Brief at 2, docket # 20, ID# 98). Defendants' reply brief clarifies that plaintiff was "scheduled for a parole hearing in January 2014 with an expected release date of June 2014." (Reply Brief at 2, docket # 23, ID# 101).

(Plaintiff's Dep. at 9, docket # 19-2, ID# 70).  Plaintiff was an inmate at Carson City Correctional Facility (DRF) on February 13, 2013, when he filed his complaint.  (Complaint, ¶ IV, docket # 1, ID# 3).  All the individuals he named as defendants are MDOC employees at DRF.  On July 28, 2014, plaintiff filed a change of address notifying the court that he is currently an inmate at the Marquette Branch Prison (MBP).  (docket # 26).  There is no evidence before the court indicating that plaintiff has been released from prison.

Plaintiff is hearing impaired.  (Plaintiff's Dep. at 29-30, ID#s 75-76).  He was required to use the Michigan Relay Service (MRS), a third party relay service, in order to connect incoming calls from hearing impaired and hearing abled persons, and to place phone calls from DRF to individuals outside the prison.  To make a call, he used the telecommunications typing (TTY) machine provided by DRF to call MRS.  He would provide the MRS operator a phone number.  Next, the MRS operator would dial the number, give instructions to the recipient upon connection, connect the parties, and then orally deliver plaintiff's TTY messages to the other party while transcribing the other party's spoken word into readable TTY messages for the plaintiff for the duration of the call.  (Plaintiff's Dep. at 10-18, ID#s 71-73).

It is undisputed that Prison Communications Services (PCS), the MDOC's communications vendor, does not allow hearing impaired prisoners to make calls using prison accounts.  Prisoners without hearing impairments can make calls using their prison accounts.  Collect calls are the only calls that plaintiff can make.  (Defendants' Brief at 1, ID# 61; Plaintiff's Brief at 1, ID# 97).

**Discussion**

Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . . meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131(2)). Title II if the ADA applies to state prisoners and prisons. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998); *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010).

A.      Individual Defendants

Title II of ADA does not impose liability on public officials acting in their individual capacities. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *see also Barhite v. Trierweiler*, No. 2:13-cv-169, 2014 WL 5782638, at * 12 (W.D. Mich. Nov. 6, 2014); *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934, at * 7 (W.D. Mich. Oct. 28, 2013). Thus, defendants Smith, Kipp, Krick, and Koenigsknecht are entitled to judgment in their favor as a matter of law on plaintiff's claims for damages against them in their individual capacities. Plaintiff has not alleged or supported with evidence any claim against these defendants in their official

capacities.[2] Plaintiff's claims for injunctive relief against these individuals are moot because plaintiff is no longer an inmate at DRF. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### B. MDOC

#### 1. Damages

The MDOC seeks dismissal of plaintiff's claim for punitive damages. Punitive damages are not available under Title II of the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *see also Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998). Plaintiff's claim for punitive damages against the MDOC must be dismissed.

#### 2. Injunctive Relief

The MDOC asked the court to dismiss plaintiff's claim for injunctive relief on the grounds that (1) he had "a possible release date of January 2014," and had "nearly severed his ties with, and face[d] no threat of future harm from the MDOC[;]" and (2) the MDOC was "negotiating with PCS to permit TTY to TTY phone calls for hearing impaired prisoners." (Defendants' Brief at 4, ID# 64). Plaintiff was not released from prison. There is no evidence before the court of any

---

[2] A claim for damages against Smith, Kipp, Krick, and Koenigsknecht in their official capacities "is, for all intents and purposes, against the state of Michigan as the real party-in-interest." *Mingus*, 591 F.3d at 482. Thus, even assuming that plaintiff had presented evidence regarding specific actions taken by these defendants, his claim against them in their official capacities would be "redundant of the claims asserted against their employer, the MDOC," and would accordingly be dismissed. *Meade v. Michigan Dep't of Corr.*, No. 1:12-cv-287, 2013 WL 890240, at * 5 (W.D. Mich. Feb. 11, 2013).

change in the phone service available to plaintiff has occurred. The MDOC has not established any factual or legal basis for dismissing plaintiff's claim for injunctive relief.

## Recommended Disposition

For the foregoing reasons, I recommend that all plaintiff's claims for injunctive relief against defendants Smith, Kipp, Krick, and Koenigsknecht be dismissed as moot. I recommend that defendants' motion for summary judgment (docket # 18) be granted in part and denied in part. I recommend that the motion be granted as to all plaintiff's claims for damages against defendants Smith, Kipp, Krick, and Koenigsknecht and plaintiff's claim for punitive damages against the MDOC, and that judgment be entered in defendants' favor on those claims. I recommend that the portion of defendants' motion seeking summary judgment on plaintiff's claim for injunctive relief against the MDOC be denied.


Dated: December 5, 2014         /s/ Phillip J. Green
                                United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).