UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JOHN QUILLAN,
# 431827,

        Plaintiff,

v.

HEIDI WASHINGTON,

        Defendant.

Case No. 1:13-cv-160

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought by a state prisoner through counsel under Title II of the Americans with Disabilities Act (ADA). The defendant is the Director of the Michigan Department of Corrections (MDOC). Plaintiff[1] sues defendant[2] in her official

---

[1] Plaintiff filed his amended complaint more than two years ago. (ECF No. 38). He has never filed a motion for class certification. Burying a request for certification within a pleading (*Id.* at PageID.140) does not suffice to bring the issue before the Court. Plaintiff was required to file a motion. *See* FED. R. CIV. P. 7(b)(1); W.D. MICH. LCIVR 7.1(a), (b). Thus, plaintiff never even attempted to shoulder, much less has he carried his burden of demonstrating that class certification would be appropriate. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-52 (2011); *Sandusky Wellness Ctr. v. ASD Specialty Healthcare, Inc.*, No. 16-3741, 2017 WL 2953039, at * 4 (6th Cir. July 11, 2017). Because plaintiff never received permission to proceed as a representative of anyone other than himself, the only claim at issue in this lawsuit is the ADA claim that plaintiff is asserting on his own behalf.

[2] "A suit against a person in his or her official capacity is a suit against the office and not the person." *Caudill v. Hollan*, 431 F.3d 900, 914 (6th Cir. 2005). Thus, the name of current MDOC Director Heidi Washington appears in the case caption rather than former Director Daniel Heyns.

capacity and seeks declaratory and injunctive relief.[3] (ECF No. 38, PageID.141).

Plaintiff alleges that he has a hearing impairment. He states that, as a prisoner with a hearing impairment, he was required to "use the Michigan Relay Service (MRS) a third party relay service, to make an outside call. A prisoner with a hearing impairment uses the [telecommunications typing] TTY machine to type a message, which an MRS operator orally delivers to the person on the other line. The MRS operator then transcribes what the other party stated on the phone and sends that message back to the prisoner." (*Id.* at PageID.136).

Plaintiff alleges that in early 2012, PCS became the telephone service provider for the MDOC. Under PCS's service, plaintiff could no longer make debit calls to cell phones from the TTY system. Plaintiff was able to continue making collect calls to landline telephone numbers. (*Id.* at PageID.138). Plaintiff alleges that he made an unsuccessful attempt to make debit phone calls on September 19 and October 7, 2012, and on both occasions, he was purportedly advised by the TTY operator that he could only make a collect call. (*Id.* at PageID.138-39). Plaintiff alleges that defendant is

---

[3]A request for declaratory relief is a request for a type of remedy, not an independent cause of action. *See Funderwhite v. Local 55, United Ass'n*, No. 16-3959, __ F. App'x __, 2017 WL 3129117, at * 3 (6th Cir. July 24, 2017). "The [Declaratory Judgment] Act only provides the courts with discretion to fashion a remedy." *Heydon v. Methadone of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).
 Qualified immunity would have been an appropriate defense if this lawsuit included a request for an award of damages against defendant in her individual capacity. *See, e.g., Hermansen v. Thompson*, 678 F. App'x 321, 324 (6th Cir. 2017); *Jackson v. Cline*, No. 16-12917, 2017 WL 2262502, at * 5 (E.D. Mich. Mar. 31, 2017). However, plaintiff is not seeking damages. (*See* ECF No. 38 at PageID.140-41). Defendant's arguments with regard to qualified immunity (ECF No. 50 at PageID.180-81,187-89) are misplaced and they will be ignored.

violating Title II of the ADA because prisoners without hearing impairments can make "debit calls, calls to cell phones, and international calls" while plaintiff's TTY calls are limited to "collect calls made to landlines in the United States." (ECF No. 38 at PageID.140).

The matter is before the court on defendant's motion for summary judgment. (ECF No. 49). Among other things, defendant argues that this lawsuit should be dismissed because it is moot. (ECF No. 50 at PageID.185-86). Plaintiff filed a brief in response to defendant's motion, but failed to present any argument why this lawsuit should not be dismissed as moot. (ECF No. 52 at PageID.215-22). For the reasons set forth herein, I recommend that defendant's motion for summary judgment and this lawsuit be dismissed because plaintiff's claim is moot.

Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, No. 16-1876, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. (Plf. Dep at 9, ECF No. 50-1, PageID.191). He is currently an inmate at the Cooper Street Correctional Facility. In 2012, plaintiff was an inmate at the Carson City Correctional Facility (DRF). (*Id.* at PageID.192).

Because plaintiff is hearing impaired, he needed to use the Michigan Relay Service (MRS), a third party relay service. To make a call, he used the telecommunications typing (TTY) machine provided by the MDOC to call MRS. Plaintiff would provide the MRS operator a phone number. Next, the MRS operator would dial the number, give instructions to the recipient upon connection, connect the parties, and then orally deliver plaintiff's TTY messages to the other party while transcribing the other party's spoken word into readable TTY messages for the plaintiff for the duration of the call. (Plf. Dep. at 10-18, PageID.192-200).

On September 29, and October 7, 2012, plaintiff attempted to make debit TTY telephone calls. PCS was the MDOC's telephone service provider on those dates. Plaintiff states that on these occasions an operator informed him that he could make collect calls, but he could not make debit TTY calls. (Plf. Decl., ECF No. 55, PageID.227). On December 31, 2012, plaintiff called the TTY operator. He states that he received a quote from the operator regarding how much it would cost him to place a collect call to a specific telephone number with a Michigan area code at midnight.

(*Id.* at PageID.228). Plaintiff presents no evidence regarding the telephone services that have been available to him in prison for any date after December 31, 2012.[4] (*Id.*).

In February 2014, the MDOC modified its prisoner telephone service so hearing impaired prisoners could make TTY calls to other TTY compatible devices using the same methods as non-hearing impaired prisoners. (Groves Aff. ¶ 3, ECF No. 50-3, PageID.203). Plaintiff can bypass the Michigan Relay Service (MRS) and connect directly to individuals outside the prison via TTY machine or a device with TTY capability for the same cost. He is allowed to place calls in the same way, using the same payment method as non-hearing impaired prisoners. (*Id.*). On or about February 5, 2014, the MDOC provided notice to prisoners advising them of this change. (ECF No. 50-2 at PageID.201-02; ECF No. 50-3 at PageID.203-04).

---

[4]The only evidence that plaintiff filed in opposition to defendant's motion for summary judgment is his declaration. (ECF No. 55). The statements made in the parties briefs are not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006); *Hurick v. McKee*, No. 1:15-cv-140, 2017 WL 1105902 at * 2 n.1 (W.D. Mich. Mar. 24, 2017). Plaintiff presented no evidence in support of his argument that defendant made concessions regarding the phone services that were available to prisoners without hearing impairments. (ECF No. 52 at PageID.214). Plaintiff never filed the "Exhibit 2" that he alluded to in his brief. (*Id.* at PageID.214-15). Further, if this was an oversight when plaintiff filed his brief, it should have been discovered no later than July 24, 2015, when defendant filed her reply brief. Defendant disputed that she had made the purported concessions. (ECF No. 54 at PageID.224). Thus, it was incumbent on plaintiff to demonstrate that defendant had made the admissions as claimed. Suffice it to say that plaintiff had a more than adequate opportunity to present the missing evidence because defendant's motion has been pending for an extraordinarily long period.

D. <u>Discussion</u>

"Title II of the Americans with Disabilities Act (ADA) provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 344 (6th Cir. 2014) (quoting *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) and 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2)). Title II of the ADA applies to state prisoners and prisons. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998); *Mingus v. Butler*, 591 F.3d at 481-82.

Plaintiff seeks injunctive and declaratory relief based on allegations that defendant is violating Title II of the ADA because prisoners without hearing impairments can make "debit calls, calls to cell phones, and international calls" while plaintiff's TTY calls are limited to "collect calls made to landlines in the United States." (ECF No. 38 at PageID.140). Plaintiff failed to present evidence in support of his arguments regarding the phone services and payment options available to prisoners without hearing impairments.

Defendant argues that this lawsuit should be dismissed as moot. The affidavit by Ms. Groves shows that plaintiff can bypass the MRS operator altogether and use the

TTY machine provided by the prison to call any other TTY compatible phones via debit, prepaid, or collect payment. (ECF No. 50 at PageID.185-86). Plaintiff presents no contrary evidence.

Plaintiff likewise presents no evidence that TTY services are limited to landlines. Plaintiff's argument that defendant is somehow "requiring" plaintiff's family and friends to purchase a TTY machines (ECF No. 52 at PageID.211, 219-20) fails for lack of supporting evidence. FCC publications[5] explain how digital wireless telephone network technology has advanced and eliminated the former communication problem between TTY machines and cell phones:

> In the past, wireline telephone and analog and analog cellular networks generally were compatible with TTYs, but digital wireless networks were not. As a result of FCC rules to ensure that TTY users can complete emergency 911 calls, wireless service providers have upgraded their digital networks to be compatible with TTYs. Consumers are now generally able to use TTYs to complete calls with their digital wireless phones, including 911 call, if the phone itself is TTY-compatible.

https://www.fcc.gov/consumers/guides/use-tty-devices-digital-wireless-phones (last visited on July 28, 2017); *see also* hyperlink on the aforementioned FCC web page connected to the FCC publication Use of TTY Devices with Digital Wireless Phones Guide. The FCC advises consumers that they should contact their wireless telephone service providers for assistance regarding TTY compatible cell phones. *Id.* There is

---

[5]It is appropriate to take judicial notice of these documents. *See, e.g., Way v. Stewart*, No. 17-cv-11654, 2017 WL 2377228, at * 1 n.1 (E.D. Mich. June 1, 2017); *Bowman v. Fister*, 5:15-cv-386, 2016 WL 6542846, at * 2 (E.D. Ky. Nov. 3, 2016); *Wylie & Sons Landscaping LLC v. FedEx Ground Package Sys., Inc.*, No. 3:15-cv-706, 2016 WL 440230, at * 1 (N.D. Ohio Aug. 23, 2016).

no evidence that TTY compatible cell phones are unavailable to plaintiff's friends and family.[6] Digital technology has evolved and I find that it has rendered this case moot.

## Recommended Disposition

For the foregoing reasons, I recommend that defendant's motion for summary judgment (ECF No. 49) and plaintiff's lawsuit be dismissed because they are moot.

Dated: August 7, 2017              /s/ Phillip J. Green
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

---

[6]TTY compatible cell phones are now common. *See, e.g.*, https://www.att.com/esupport/article.html#!/wireless/KM1207550 (last visited July 28, 2017); https://www7.sprint.com/landings/accessibility/hearing_tty.html (last visited July 28, 2017); http://www.verizon.com/about/accessibility/hearing-aid-compatibility (last visited July 28, 2017).